# IN THE COURT OF APPEALS OF IOWA

No. 20-1681
Filed November 23, 2021

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**MARK DAVID HOTZLER,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Pocahontas County, Kurt J. Stoebe, Judge.


       A defendant challenges his convictions for stalking, harassment, and burglary.  **REVERSED AND REMANDED.**


       Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

       Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.


       Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**TABOR, Judge.**

After representing himself, Mark Hotzler received guilty verdicts for two counts of stalking as a third or subsequent offense, two counts of first-degree harassment, and one count of third-degree burglary. Now he requests a new trial, arguing he did not validly waive his right to counsel. Because we agree, as does the State, that the district court's colloquy did not establish a knowing, intelligent, and voluntary waiver of counsel, we reverse and remand for a new trial.[1]

A brief foray into the facts suffices. At trial, Hotzler testified that he "fell very much in love" with his nurse when he was receiving psychiatric treatment in the hospital in 2004. But she limited her contact with Holtzer to her professional role. Yet he would not take no for an answer. Over the course of sixteen years, Hotzler would show up at the nurse's home and place of employment, leave her gifts, and write her unwelcomed letters.[2] His conduct led to prior stalking convictions, no-contact orders, and the present charges.

For these present charges, Hotzler asked to represent himself. Despite its reservations, the district court granted Hotzler's request and appointed standby counsel. After the close of evidence, the jury convicted Hotzler on two counts of

---

[1] Hotzler also argues his convictions were based on insufficient evidence or, in the alternative, that the verdicts were against the weight of the evidence. But because he did not preserve his sufficiency argument, we cannot reach it. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002); *see also State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) (rejecting plain error and collecting cases doing same). And because the remedy for a successful weight-of-the-evidence claim is a new trial, and we're already remanding for retrial, we need not address that alternative ground for relief. *See* Iowa R. Crim. P. 2.24(2)(b)(6).

[2] Hotzler even filed a "motion to marry" the nurse after this trial, asserting he would "walk a country mile" to be with her and, indeed, had "done that over and over again."

stalking, two counts of first-degree harassment, and one count of third-degree burglary. The district court denied Hotzler's request for a new trial and sentenced him to a term not to exceed twenty-nine years.

We now turn to the law. The United States Constitution grants a right to self-representation. *See Faretta v. California*, 422 U.S. 806, 834 (1975). But before defendants may exercise this option, the district court must ensure that they knowingly, voluntarily, and intelligently waive their right to counsel. *Iowa v. Tovar*, 541 U.S. 77, 87–88 (2004). To that end, the district court "must investigate as long and as thoroughly as the circumstances of the case" demand. *State v. Cooley*, 608 N.W.2d 9, 15 (Iowa 2000) (quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723–24 (1948)).

Hotzler argues—and the State concedes—that his waiver was ineffective in two respects.[3] First, the district court's colloquy with Hotzler was incomplete. Second, the court allowed Hotzler to proceed without counsel despite recognizing issues with the waiver.

To the first point, courts impose "rigorous restrictions on the information that must be conveyed to the defendant, and procedures that must be observed, before permitting a waiver of the right to counsel at trial." *Patterson v. Illinois*, 487 U.S. 285, 298 (1988). Fleshing out that rigor, our supreme court has stated:

> [Valid waivers] must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the

---

[3] Because this issue concerns constitutional rights, our review is de novo. *State v. Martin*, 608 N.W.2d 445, 450 (Iowa 2000).

charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.

*Cooley*, 608 N.W.2d at 15 (quoting *Von Moltke*, 332 U.S. at 724); *see also State v. Jones*, No. 19-0494, 2020 WL 3264377, at *4 (Iowa Ct. App. June 17, 2020) (quoting sample colloquy).  But here the district court did not meet this standard, discussing only some of the six pending charges and omitting information about lesser-included offenses and possible punishments, among other things.

Colloquy aside, the court itself recognized issues with the waiver, stating:

> The court is not convinced that the defendant's waiver of counsel has been done knowingly and intelligently.  However, he is adamant in his desire to proceed pro se.  The Court, therefore, ratifies the confirmation of . . . standby counsel to be available as a resource for the defendant during the course of the trial.

Because Hotzler's insistence did not discharge the court's duty to ensure that he properly waived his right to counsel, the court shouldn't have accepted the waiver. *See Cooley*, 608 N.W.2d at 15 ("A waiver that is not voluntary and intelligent cannot be accepted.  In other words, [it] . . . is not valid.").

For the foregoing reasons, we agree with the parties.  We reverse and remand for a new trial.

**REVERSED AND REMANDED.**